**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| Anthony Bodnar, | : | |
| | : | Civil Action No. 15-2013(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Jordon Hollingsworth, Warden | : | |
| FCI Fort Dix, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**BUMB**, District Judge

    This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, which was accompanied by the $5.00 filing fee. See ECF No. 1 ("Petition"). The Court must review the petition and dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 pursuant to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts.

    Petitioner is a federal inmate confined at the Federal Correctional Institution in Fairton, New Jersey, imprisoned

after pleading guilty to receipt and possession of child pornography in the U.S. District Court for the Eastern District of Virginia on November 9, 2009. (Pet. ¶¶ 1, 6); Judgment, U.S. v. Bodnar, 09cr163 (E.D. Va. Feb. 10, 2010). Petitioner was sentenced to 168 months imprisonment on counts 1 and 2, with five years supervised release; and 120 months imprisonment concurrently, on counts 3, 4, and 5, with five years supervised release.  Sentence, U.S. v. Bodnar, 09cr163 (E.D. Va. Feb. 10, 2010). Petitioner did not file a direct appeal. (Pet., ¶ 7.) Petitioner then filed a motion under 28 U.S.C. § 2255 in January 2011, and the motion was denied on April 6, 2012. Order, U.S. v. Bodnar, 09cr163 (E.D. Va. April 6, 2012).

In the Petition at bar, Petitioner asserts that the "Magistrate judge presided over Plea Colloquy in violation of Federal Magistrates Act, 28 U.S.C. § 636(b)(3) 'additional duties' clause." (Pet., ¶ 6.) Petitioner asserted he did not appeal on this issue because he did not understand his rights or the judicial system. (Id. ¶7(b)). Petitioner contended he could bring his claim under 28 U.S.C. § 2241 because § 2255 is an inadequate or ineffective remedy. (Id. at ¶ 10(c)). Petitioner would not qualify for a second or successive petition because he did not have new evidence and was not relying on a new ruling by the Supreme Court. (Id.)

Petitioner's attack on his sentence is not cognizable under § 2241. A federal prisoner may challenge the legality of his conviction or sentence, once the conviction is final, only through a motion filed pursuant to 28 U.S.C. § 2255. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). 28 U.S.C. § 2255 contains a savings clause, but it is a rare case when the savings clause applies because a § 2255 motion is inadequate or ineffective to test the legality of a petitioner's conviction. 28 U.S.C. § 2255(e); Massey v. U.S., 581 F.3d 172, 174, n.1 (3d Cir. 2009)(appropriate use of the § 2255 savings clause is rare).

The fact that a petitioner unsuccessfully pursued a § 2255 motion in the sentencing court, and now faces a statutory bar to filing another one, does not show the inadequacy of that remedy. McCullough v. U.S., 501 F. App'x 115, at *117 (3d Cir. Oct. 17, 2012)(per curiam). The § 2255 safety valve is extremely narrow, available under circumstances where a petitioner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. Id. (citing Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). The argument Petitioner now seeks to raise was available to him when he filed his first § 2255 motion. Petitioner's claim may not now be raised under § 2241 merely because he failed to

3

raise the issue in his first § 2255 motion. Therefore, this Court will dismiss the petition.

Dated: April 21, 2015

                                             s/Renée Marie Bumb
                                             **RENÉE MARIE BUMB**
                                             **United States District Judge**